# Scott v. Scott's Executrix.

1. A petition for a new trial upon the ground of newly discovered evidence must be filed with the clerk not later than the second term of the court after its discovery.

2. The alleged discovery was made in February, 1879. The petition should have been filed with the clerk previous to the February term, 1880, and the length of time, before the second term after the discovery, necessary to allow a summons to be issued and returned for trial to that term.

3. The newly discovered evidence as alleged is entirely consistent with the theory of this court on a former appeal; that appellant was only entitled to a part of the net profits, the title to the real estate being in Thomas B. Scott, and, therefore, such evidence can not authorize a new trial, even if presented within the prescribed period.

W. D. HOPPER, W. P. D. BUSH AND WM. LINDSAY FOR APPELLANT.

1. It is contended by appellee that the discovery of the evidence relied upon was necessarily made during the February term, 1879; that the August term, 1879, intervened; that the petition was filed February 14, 1880, and, therefore, was filed during the February term, 1880, which commenced the second Monday in that month. It is manifest that the word "term" and the words "second term," as used in section 344, Civil Code, mean full terms of the Court. Therefore the petition was filed within the time prescribed by said section.

2. It is clear that if the allegations of the petition as to the evidence discovered be true, a *prima facie* case is presented, and it was the duty of the court to grant a new trial. (Eccles v. Shackelford, 1 Litt., 38; Respass v. McClanahan, Hardin. 345; Finley v. Tyler, 3 Mon., 400; 1 J. J. Mar., 488; Daniel v. Daniel, 2 *Ib.*, 52; Bright v. Wilson, 7 B. Mon., 123; Allen v. Perry, 6 Bush, 71; Ripperdon v. Scott, 1 Mar., 152; Hargis v. Price, 4 Dana, 81.)

BRONAUGH, ANDERSON AND HERDON FOR APPELLEE.

1. The petition was not filed within the time prescribed by section 344, Civil Code. There must be a petition filed with the clerk not later than the second term after the discovery.

2. A new trial will not be granted upon the discovery of evidence relating to a matter contested on the trial, and to which proof had been introduced.

3. The alleged newly discovered evidence could not. avail, inasmuch

as it is not in conflict with the evidence heretofore presented. (Civil Code, section 344; Wells v. Phelps, 4 Bibb, 563; Daniel v. Daniel, 2 J. J. Mar., 52; Allen v. Perry, 6 Bush, 90; 7 *Ib.*, 209; Mason v. Mason, 5 *Ib.*, 187; McLean v. Nixon, 18 B. Mon, 775; Taylor v. Bradshaw, 6 Mon., 148.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1867 Thos. B. Scott commenced an action against John D. Scott, on an account amounting to about $7,000, for money alleged to belong to the former and to have been collected by the latter, at different times between the years 1862 and 1865, but never paid or accounted for.

The defendant, in his answer, admitted the collection by him of a portion of the money mentioned, but alleged that he and the plaintiff, in 1850, formed a partnership in the farming and milling business, that continued until 1859, and upon a settlement of the partnership, and the allowance to him of all the credits to which he is entitled, some of which had not been given him in the account sued on, the plaintiff would be indebted to him.

In his reply the plaintiff denied the allegations of the answer in respect to the partnership and the credits claimed by the defendant.

In 1871 Thos. B. Scott died, but the action having been transferred to equity, was revived in the name of his executrix.

In October, 1873, judgment was rendered by the lower court, sustaining the exceptions of the defendant to the master commissioner's report, so far as to disallow the account sued on, and directing it to be so amended as to allow to the defendant credits and assets to the amount of the account.

But upon appeal to this court that judgment was reversed, and at the August term, 1878, of the lower court, judgment was, in pursuance of the mandate of this court, rendered in favor of the plaintiff in the action for the sum of $6,567, subject to credits amounting to nearly $800.

On the fourteenth day of February, 1880, John D. Scott filed a petition against the executrix of Thos. B. Scott, deceased, for a new trial of the original action, upon the alleged ground that in the latter part of February, 1879, he had discovered for the first time evidence, material for him, which he could not by reasonable diligence have discovered and produced at the trial; which newly discovered evidence consisted of a paper in the possession of one Oliver Perry, in the handwriting of Thos. B. Scott, purporting to give a list of notes and checks having different dates, from 1853 to 1859, one of the notes being classified as "individual notes," and the others as "joint notes."

A general demurrer was sustained to the petition and judgment rendered dismissing it, and from that judgment this appeal has been taken.

One of the principal issues of fact tried in the original action, was whether there was a partnership between Thos. B. and John D. Scott, as alleged and attempted by the latter to be proved, and it is contended that the paper referred to, and now in the possession of Perry, is evidence of that fact.

The litigation between these parties, commencing in 1867 and continuing about six years, until the first judgment was rendered, was not only protracted, but seemingly hotly contested, if not bitter, there having

been taken depositions of a great many witnesses, more than half of which related to the issue as to the alleged partnership.

In the opinion rendered by this court it was said: "The character and terms of the agreement between the parties is nowhere proved, and the weight of the testimony conduces to establish the theory assumed by appellant's counsel *that the appellee was* entitled to a. portion of *the net profits resulting from their joint. labor.*" And further: "The partnership is attempted to be proved by the declarations of Thomas and by the action of both in conducting the farm and mill, but what the partnership was, or the agreement between. the parties, is not shown, and no Chancellor will divest a party of his title to land or the proceeds of the sale of land upon this character of testimony, and more particularly when the proof by which the claim is asserted is refuted by facts and circumstances the existence of which can not be doubted."

Not only was an immense volume of testimony taken bearing upon this issue, but the deposition of the witness Perry, who married the sister of Thomas and John D. Scott, was twice taken, and we are bound to presume that as thorough and searching investigation has. already been made as it is possible to make.

The petition was filed in this case more than thirteen. years after the original action was commenced, and the litigation now sought to be re-opened relates to transactions occurring more than thirty years ago.

There is no written contract of partnership, nor can it be pretended the newly discovered evidence establishes the fact of such partnership. On the contrary, it

is entirely consistent with the theory adopted by this court, that appellant, John D. Scott, was simply entitled to a portion of the net profits, the title to the real estate being in Thomas B. Scott.

That there should be four or five joint notes belonging to them does not necessarily, or even probably, establish the fact there was a joint ownership of the real estate, or a co-partnership in the farming and milling business existing between them. So that even if the paper now produced and relied on had been before the court when the case was decided, it would not, added to the other testimony, have been sufficient to establish the partnership.

But there is a still greater obstacle in appellant's way.

Section 344, Civil Code, provides that if grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by a petition filed with the clerk not later than the second term after the discovery, on which a summons shall issue, as on other petitions, requiring the adverse party to appear and answer it on or before the first day of the next term.

In our opinion, but one construction can be given to this section in respect to the time at which the petition is required to be filed, it must be filed with the clerk the length of time before the second term after the discovery necessary to allow summons issued and returned for trial at that term.

The petition is not required to be filed in open court during the term; but, like other petitions, it must be filed with the clerk. Therefore, the meaning of the

requirement for the petition to be filed not later than the second term is that it shall be filed before, and the action shall stand for trial at that term.

There is no reason for longer delay than the second term after the discovery.

In this case, the discovery having been made in February, 1879, the petition should have been filed previous to the February term, 1880, and it was too late to file it during that term.

Wherefore the judgment is affirmed.